**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **GUY MAXAMILLION TAYLOR,** | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00109-JB-B |
| | * |
| **REOSHA BUTLER**, | * |
| | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review. Petitioner Guy Maxamillion Taylor, a state inmate confined at Fountain Correctional Facility in Atmore, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). While not the model of clarity, in his § 2254 petition, Taylor challenges his 2005 convictions and sentences entered by the Circuit Court of Saint Clair County, Alabama, for the offenses of first degree robbery and attempted murder. (Doc. 1 at 2). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.

    28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of

> a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Because Taylor was incarcerated in this district at the time of filing of his petition, this Court has concurrent jurisdiction over this action with the United States District Court for the Northern District of Alabama, which is the district in which Saint Clair County, Alabama, lies, the court which imposed the sentence that Taylor is seeking to challenge. See Taylor v. State of Texas, 2018 WL 1081720, *1 (S.D. Ala. Jan. 23, 2018), *report and recommendation adopted sub nom.,* 2018 WL 1077312 (S.D. Ala. Feb. 27, 2018)(citing Braden v. 30th Judicial Cir. Court of Ky., 410 U.S. 484, 497-500 (1973); McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978)). While this Court has concurrent jurisdiction with the Northern District of Alabama, the Court may transfer the action pursuant to 28 U.S.C. § 2241(d) "in the exercise of its discretion and in furtherance of justice."

In this circuit, it is well recognized that the district of conviction is generally the most convenient and appropriate venue

2

for a challenge to a state conviction or sentence; therefore, the courts of this circuit generally transfer such petitions to the district of conviction. See Taylor, 2018 WL 1081720 at *1 (citing Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001)(noting the practice of district courts in Georgia of "transfer[ring] habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted."); Williams v. Florida Supreme Court, 2012 WL 1520274, *2, 2012 U.S. Dist. LEXIS 59840, *1 n.1 (N.D. Fla. Mar. 29, 2012)("The district of conviction is generally the most convenient and appropriate venue."); Williams v. Giles, 2012 WL 2929952, *1, 2012 U.S. Dist. LEXIS 99020 *1 (M.D. Ala. Jun. 15, 2012)(transfer to the district of conviction "is appropriate."), *report and recommendation adopted*, 2012 WL 2929822, 2012 U.S. Dist. LEXIS 98585 (M.D. Ala. Jul 17, 2012)).

The undersigned finds that the Northern District of Alabama, where Taylor was convicted and where the records pertaining to his conviction are located, is the most convenient and appropriate venue for this petition. Accordingly, it is recommended that his case be transferred to the Northern District of Alabama.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

3

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **9th** day of **March, 2022.**

                                         **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**